LINN, Circuit Judge.
 

 Kenneth M. Carpenter (“Carpenter”) appeals from the judgment of the United States Court of Appeals for Veterans Claims (“Veterans’ Court”) holding his contingency fee agreement to be “excessive and unreasonable” and affirming the finding of the Board of Veterans’ Appeals (“Board”) that Carpenter was not entitled to retain an award of attorney fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (“EAJA”), for the “same work” compensated under his fee agreement.
 
 Carpenter v. Principi,
 
 15 Vet.App. 64, 76 (2001)
 
 (“Carpenter II
 
 ”).
 

 Because this court, pursuant to 38 U.S.C. § 7263(d), is foreclosed from entertaining Carpenter’s appeal, we dismiss.
 

 I
 

 In May 1981, the Veterans Administration denied Victor S. Weatherspoon’s claim of service connection for a bipolar affective disorder. Weatherspoon sought to reopen that claim in September 1993, and in February 1994, he appointed Carpenter as his representative. In May 1994, the St. Louis Regional Office of the Department of Veterans Affairs awarded service connection for the disorder, with an effective date of February 12, 1993. In February 1995, Carpenter filed a claim for an earlier effective date for service connection based on alleged clear and unmistakable error in the 1981 denial of Weatherspoon’s claim. In April 1995, the Regional Office denied the claim based on its determination that there was no clear and unmistakable error in the 1981 denial. Carpenter filed a Notice of Disagreement in March 1996. The Board affirmed the Regional Office’s decision in March 1997.
 

 On May 1, 1997, Carpenter filed a notice of appeal to the Veterans’ Court, and also filed a copy of a fee agreement, which provided that Weatherspoon was to pay Carpenter 30% of any award of past-due benefits. The agreement also provided that any EAJA fee award was to be offset against the contingency fee if the Veterans’ Court awarded past-due benefits, but such an offset would not be made if the Veterans’ Court remanded the case to the Board. In February 1998, the Veterans’ Court granted a joint motion for remand, based on clear and unmistakable error in the 1981 decision. In May 1998, the Veterans’ Court awarded Carpenter $2,473.17 in attorney fees and expenses pursuant to the EAJA. In August 1998, the Board found that there was clear and unmistakable error in the 1981 denial of Weather-spoon’s claim for service connection and granted an effective date of January 20,
 
 *1373
 
 1981. The Regional Office subsequently awarded Weatherspoon $206,017.00 in past-due benefits.
 

 In November 1998, the Department of Veterans Affairs notified Carpenter that it was requesting that the Board review his fee agreement for reasonableness pursuant to 38 U.S.C. § 5904(c)(2). Section 5904(c)(2) provides that “[t]he Board, upon its own motion or the request of either party, may review such a fee agreement and may order a reduction in the fee called for in the agreement if the Board finds that the fee is excessive or unreasonable.” The Department’s stated reason for requesting the review was that the agreement did not provide for an offset of any EAJA award after a remand from the Veterans’ Court. The Board performed the requested review and found that “the EAJA fee involves the same work for which the attorney is being compensated with a percentage of past-due benefits awarded,” and that “the claimant’s attorney must refund to the claimant the amount of the smaller” of the EAJA fee or the contingency fee.
 
 In re Fee Agreement of Carpenter,
 
 No. 98-21 037, slip op. at 9 (Bd.Vet.App. Apr. 6, 1999)
 
 (“Carpenter I
 
 ”). The Board also found that the 30% contingency fee was “excessive and unreasonable” under section 5904(c)(2) and exercised its authority under that provision to reduce the fee to 20% of the past-due benefits.
 
 Id.,
 
 slip op. at 10.
 

 Carpenter appealed the Board’s decision to the Veterans’ Court. The Veterans’ Court reviewed Carpenter’s fee agreement pursuant to 38 U.S.C. § 7263(d). That section provides that “[i]n reviewing a fee agreement ... under section 5904(c)(2) of this title, the Court may affirm the finding or order of the Board and may order a reduction in the fee called for in the agreement if it finds that the fee is excessive or unreasonable.” The Court held that the failure to provide for an offset of the EAJA fees rendered the agreement excessive and unreasonable on the ground that both the EAJA and contingency fees were for the “same work.” In reaching this conclusion, the Court took the word “work” to encompass work performed “in pursuit of a claim at all stages of the adjudication process.”
 
 Carpenter II,
 
 15 Vet.App. at 76. The Court held that to allow the attorney to retain both fees “would improperly [allow] the EAJA fee to enhance the appellant’s fee, rather than to reimburse the veteran for the cost of representation.”
 
 Id.
 
 As to the percentage of the contingency, the Court found “no basis in the record for the Board’s reduction of the appellant’s fee from 30% to 20%,”
 
 id.
 
 at 79, and reversed the Board’s decision on that issue.
 

 The reversal of the Board’s reduction of the fee percentage has not been appealed. Accordingly, the only merits question before this court concerns the offset of the EAJA fee.
 

 II
 

 Subsection (a) of 38 U.S.C. § 7292 provides this court with jurisdiction to review a decision of the Veterans’ Court “with respect to the validity of a decision of the Court on a rule of law or of any statute or regulation ... or any interpretation thereof ... that was relied on by the Court in making the decision.” 38 U.S.C. § 7292(a) (2000),
 
 amended by
 
 Veterans Benefits Act of 2002, Pub.L. No. 107-330, § 402, 116 Stat. 2820, 2832 (2002). We have held that under this subsection
 

 we have jurisdiction to review a decision of the [Veterans’ Court] if that review invokes: (1) issues concerning the validity of statutes or regulations on which the decision of the [Veterans’ Court] depended; (2) issues of interpretation if the [Veterans’ Court] elaborated the
 
 *1374
 
 meaning of a statute or regulation and the decision depended on that interpretation; and (3) issues of validity or interpretation raised before the [Veterans’ Court] but not decided, if the decision would have been altered by adopting the position that was urged.
 

 Forshey v. Principi,
 
 284 F.3d 1335, 1351 (Fed.Cir.2002) (en banc). However, Congress has chosen explicitly to carve out, from the scope of this court’s review, determinations by the Veterans’ Court of the reasonableness of fee agreements between veterans and their attorneys. Section 7263(d) provides that when the Veterans’ Court either reviews the determination of the Board of Veterans’ Appeals as to the reasonableness of a fee under section 5904(c)(2) or conducts its own
 
 sua sponte
 
 review of a fee agreement filed with the court under section 7263(c), the resulting order of the Veterans’ Court “is final and may not be reviewed in any other court.” 38 U.S.C. § 7263(d) (2000). Sections 7263(d) and 7292(c) were signed into law simultaneously, as part of the Veterans’ Judicial Review Act, Pub.L. No. 100-687, 102 Stat. 4105 (1988).
 

 Carpenter asserts that our review is not foreclosed in this case because, rather than challenging an order of the Veterans’ Court about the reasonableness of his attorney fee, he is challenging the Veterans’ Court’s interpretation of certain statutory provisions that the court relies on in its decision to create an alleged “bright-line EAJA offset rule.” Carpenter argues that we may take jurisdiction of this appeal pursuant to our power to review questions of law under section 7292. We do not agree.
 

 Section 7292 is a general grant of jurisdiction to review a decision of the Veterans’ Court “on a rule of law or of any statute or regulation ... or any interpretation thereof.” 38 U.S.C. § 7292(a). However, Congress has the power to mandate specific restrictions of that general grant of jurisdiction.
 
 See Keene Corp. v. United States,
 
 508 U.S. 200, 207, 113 S.Ct. 2035, 124 L.Ed.2d 118 (1993) (“Congress has the constitutional authority to define the jurisdiction of the lower federal courts.”);
 
 Ankenbrandt v. Richards,
 
 504 U.S. 689, 698, 112 S.Ct. 2206, 119 L.Ed.2d 468 (1992). That is precisely what Congress has done in enacting section 7263(d). When the Veterans’ Court reviews the Board’s determination under section 5904(c)(2) of the reasonableness of a fee agreement, the Court’s resulting order “is final and may not be reviewed in any other court.” 38 U.S.C. § 7263(d) (2000). Carpenter asks us to hold that the general jurisdictional grant of section 7292 trumps the specific jurisdictional exclusion of section 7263(d). We find no basis to reach such a conclusion. “Where there is no clear intention otherwise, a specific statute will not be controlled or nullified by a general one, regardless of the priority of enactment.”
 
 Morton v. Mancari,
 
 417 U.S. 535, 550-51, 94 S.Ct. 2474, 41 L.Ed.2d 290 (1974). We must presume that Congress intended both provisions to be effective, especially when they are part of the same legislative act.
 
 Id.
 
 at 551, 94 S.Ct. 2474 (“[W]hen two statutes are capable of coexistence, it is the duty of the courts, absent a clearly expressed congressional intention to the contrary, to regard each as effective.”).
 

 Congressional intent to insulate determinations under section 7263(d) from further review is also apparent from the legislative history of the Veterans’ Judicial Review Act. The final text of the Act resulted from a reconciliation, by a compromise agreement in lieu of a conference report, between a Senate bill and a corresponding House bill.
 
 See
 
 134 Cong. Rec. 31,461-81 (daily ed. Oct. 18, 1988) (statement of Sen. Cranston and Explanatory
 
 *1375
 
 Statement); 134 Cong. Rec. 31,770-79 (daily ed. Oct. 19, 1988) (statement of Rep. Montgomery and Explanatory Statement);
 
 see also Forshey,
 
 284 F.3d at 1346. The Explanatory Statements on the Compromise Agreement printed in the Senate and House Congressional Records both indicate that the Act “authorize[s] the Court to review ... a fee arrangement and to order a reduction in the fee if it finds that the fee is excessive or unreasonable, [and] provide[s] that such an order would not be reviewable in any other court,” and that “decisions by the Board as to the reasonableness of fees would be reviewable in the [Veterans’ Court], but not by any other court.” 134 Cong. Rec. 31,474-75 (daily ed. Oct. 18, 1988); 134 Cong. Rec. 31,773 (daily ed. Oct. 19, 1988). The text of the debate in the Senate indicates that this was also the understanding of Senators familiar with the bill.
 
 See
 
 134 Cong. Rec. 31,459 (daily ed. Oct. 18, 1988) (statement of Sen. Mitchell) (“Decisions as to the reasonableness of the fees would be reviewable in the [Veterans’ Court] only.”);
 
 id.
 
 at 31,469 (statement of Sen. Cranston) (“Although the [Veterans’ Court] may review a decision by the Board concerning the reasonableness of attorneys fees, that court’s decision on reasonableness is not appeal-able.”).
 

 We must give effect to the congressional intent apparent both from the plain meaning of the terms of section 7263(d) and from its legislative history. By its terms, the statute provides that the Veterans’ Court’s review of “a fee agreement under [section 7263(c) ] or under section 5904(c)(2) of this title ... is final and may not be reviewed in any other court.” Accordingly, we hold that when the Veterans’ Court makes a determination as to the reasonableness of a fee agreement, either in the first instance or on review of a determination by the Board, this court has no jurisdiction to review the resulting order of the Veterans’ Court.
 

 Carpenter does not argue, nor can he, that the Veterans’ Court did not act under section 7263(d). The decision of the Board was based on 38 U.S.C. § 5904(c)(2).
 
 Carpenter I,
 
 slip op. at 2. The Veterans’ Court reviewed that decision and concluded that
 

 a fee which includes both an EAJA award plus a contingency fee for work performed before the Court, Board, and VA on the same claim such that the fee is enhanced by an EAJA award is unreasonable pursuant to 38 U.S.C. §§ 5904(c) and 7263.... Accordingly, pursuant to 38 U.S.C. § 7263, the [Veterans’ Court affirms] the Board’s finding that the attorney is not entitled to retain the EAJA award.
 

 Carpenter II,
 
 15 Vet.App. at 76. Because the Veterans’ Court acted under section 7263(d), and because section 7263(d) precludes our review of the Court’s order under that section, we are without jurisdiction to consider Carpenter’s appeal.
 

 DISMISSED.
 

 COSTS
 

 No costs.