﻿Citation Nr: AXXXXXXXX
Decision Date: 09/26/19 Archive Date: 09/26/19

DOCKET NO. 190314-3947
DATE: September 26, 2019

ORDER

Entitlement to service connection for posttraumatic stress disorder (PTSD) is denied.

FINDING OF FACT

The Veteran does not have PTSD under the appropriate DSM criteria.

CONCLUSION OF LAW

The criteria for entitlement to service connection for PTSD, are not met. 38 U.S.C. §§ 1110, 5103, 5103A, 5107; 38 C.F.R. §§ 3.303, 3.304(f).

REASONS AND BASES FOR FINDING AND CONCLUSION

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for veterans dissatisfied with VA’s decision on their claim to seek review. The Board is honoring the Veteran’s choice to participate in VA’s test program, RAMP, the Rapid Appeals Modernization Program.

The Veteran had active service from August 1993 to August 1998. He is seeking service connection for PTSD.

In September 2018 the Veteran selected the Higher-Level Review lane by submitting a RAMP election form. This is the appeal lane to the Board where the evidence of record at the time of the prior decision is reviewed, and there is no evidence submission or a hearing request. Despite selecting this appeal lane, in January 2019 a Decision Review Officer (DRO) identified missed development that existed at the time of the AOJ’s decision in April 2015. The claim was returned and a VA examination was obtained in January 2019. In a February 2019 RAMP decision, the AOJ found that new and relevant evidence was not submitted to warrant readjudicating the claim for service connection for PTSD. The Veteran timely appealed the RAMP rating decision to the Board and requested direct review of the evidence considered by the Agency of Original Jurisdiction (AOJ).

Although the February 2019 RAMP rating action referred to the threshold matter of new and relevant evidence, that reference was inappropriate. Given that the PTSD claim was an original one for service connection, that the higher level reviewer determined that further development was needed, and that the initial supplemental claim in such circumstances do not convert the original claim into one requiring new and relevant evidence, the Board will proceed with processing the claim as an original one for service connection for PTSD.

Service connection may be granted for a disability resulting from disease or injury incurred in or aggravated by active service. 38 U.S.C. §§ 1110, 1131; 38 C.F.R. § 3.303(a). To establish a right to compensation for a present disability, a Veteran must show: (1) the existence of a present disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service - the so-called “nexus” requirement. Holton v. Shinseki, 557 F.3d 1362, 1366 (Fed. Cir. 2009) (quoting Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004)). 

Certain chronic diseases are subject to presumptive service connection if manifest to a compensable degree within one year from separation from service even though there is no evidence of such disease during the period of service. 38 U.S.C. §§ 1112, 1113; 38 C.F.R. §§ 3.307(a)(3), 3.309(a). Continuity of symptomatology may also provide a basis for a grant of service connection for those diseases defined as “chronic” by VA. 38 C.F.R. § 3.303(b); Walker v. Shinseki, 708 F.3d 1331 (Fed. Cir. 2013). 

Service connection may be granted for any disease initially diagnosed after discharge when all of the evidence, including that pertinent to service, establishes that the disease was incurred in service. 38 C.F.R. § 3.303(d). When there is an approximate balance of positive and negative evidence regarding any issue material to the determination of a matter, any reasonable doubt is resolved in favor of the Veteran. 38 U.S.C. § 5107(b); 38 C.F.R. § 3.102.

Initially, the Board notes that service connection was denied for panic attacks in an August 2019 RAMP rating decision that is not before the Board. Accordingly, the analysis herein is limited solely to whether the Veteran has PTSD as a separate and distinct psychiatric disorder. 

There are particular requirements for establishing service connection for PTSD in 38 C.F.R. § 3.304(f) that are separate from those for establishing service connection generally. Arzio v. Shinseki, 602 F.3d 1343, 1347 (Fed. Cir. 2010). Service connection for PTSD requires medical evidence diagnosing the condition in accordance with 38 C.F.R. § 4.125(a); a link, established by medical evidence, between current symptoms and an in-service stressor; and credible supporting evidence that the claimed in-service stressor occurred. If the evidence establishes that the veteran engaged in combat with the enemy and the claimed stressor is related to that combat, in the absence of clear and convincing evidence to the contrary, and provided that the claimed stressor is consistent with the circumstances, conditions, or hardships of the veteran’s service, the veteran’s lay testimony alone may establish the occurrence of the claimed in-service stressor. 38 C.F.R. § 3.304(f); see also Cohen v. Brown, 10 Vet. App. 128 (1997). 

In order to grant service connection for PTSD to a non-combat veteran, there must be credible evidence to support the veteran’s assertion that the stressful event occurred. A stressor need not be corroborated in every detail. Suozzi v. Brown, 10 Vet. App. 307, 311 (1997). Moreover, a medical opinion diagnosing PTSD does not suffice to verify the occurrence of the claimed in-service stressors. Cohen, supra; Moreau v. Brown, 9 Vet. App. 389, 395-396 (1996).

However, if a stressor claimed by a veteran is related to the veteran’s fear of hostile military or terrorist activity and a VA psychiatrist or psychologist, or a psychiatrist or psychologist with whom VA has contracted, confirms that the claimed stressor is adequate to support a diagnosis of PTSD and that the veteran’s symptoms are related to the claimed stressor, in the absence of clear and convincing evidence to the contrary, and provided the claimed stressor is consistent with the places, types, and circumstances of the veteran’s service, the veteran’s lay testimony alone may establish the occurrence of the claimed in-service stressor. 38 C.F.R. § 3.304(f)(3).

A diagnosis of PTSD must conform to the American Psychiatric Association’s Diagnostic and Statistical Manual for Mental Disorders (DSM). 38 C.F.R. § 4.125(a). The Board recognizes that the Veterans Benefits Administration is now required to apply concepts and principles set forth in the upon the to the recently-updated Fifth Edition, (DSM-5). 

The Veteran’s DD Form 214 confirms that he served on active duty in South Asia during Desert Storm but, there is no indication he engaged in combat, as he did not receive any commendations or awards, such as the Combat Infantryman Badge, Purple Heart, or similar citation, typically awarded primarily or exclusively for circumstances relating to combat. However, the RO has already determined that his experiences during that time fall within the scope of fear of hostile military or terrorist activity under 38 C.F.R. § 3.304(f)(3). See January 2019 RAMP Deferral/Deferred Rating Decision. The critical element in this case is that, based on the record, the Veteran lacks a diagnosis of PTSD consistent with DSM criteria. 

A review of post-service clinical records shows diagnoses of PTSD. See VA clinical records and medical opinion from VA staff psychologist, J. Harbin, Ph.D. dated June 25, 2014. It is not clear how the diagnosis was made, but it appears, in large part, to be based upon a vague and general reference to symptoms without a specific discussion of the DSM criteria. 

However, other medical providers have determined that the Veteran does not meet the criteria for a diagnosis of PTSD. An August 2012 psychiatric assessment expressly noted the Veteran suffered from panic disorder without agoraphobia and did not meet the diagnostic criteria for PTSD.

When examined by VA in March 2015, another VA examiner found the Veteran’s symptoms did not meet the diagnostic criteria for PTSD under DSM-5 criteria. The examiner reported the Veteran met PTSD diagnostic criteria for Criterion A, D, F, G, and H (witnessing traumatic event; negative alterations in cognitions/mood; duration; clinically significant distress/impairment; disturbance not due to substance use or other illness). However, the Veteran did not meet Criterion B, C, or E (intrusion symptoms; persistent avoidance of associated stimuli; marked alterations in arousal and reactivity). The examiner noted there were too many inconsistent statements in the record from the Veteran regarding the onset and cause of his anxiety symptoms. In addition, he is currently experiencing more problems coping with the panic attacks, which he acknowledges a significant proportion are not directly caused by intrusive memories of the alleged traumatic event, than traditional symptoms of PTSD. Therefore, and incorporating DSM-5, the examiner opined that the most fitting diagnosis was not PTSD but panic disorder.

A third VA opinion was obtained in January 2019, where another examiner also found the Veteran’s symptoms did not meet the diagnostic criteria for PTSD under DSM-5 criteria. In going through the PTSD diagnostic criteria, the examiner reported the Veteran met requirements for Criterion A, B, and E (directly experiencing/witnessing traumatic event; recurrent distressing dreams; and marked alterations in arousal and reactivity). However, the Veteran did not meet Criterion C, D, F, G, and H (persistent avoidance, negative alterations in cognition and mood, duration, disturbance due to substance use or other illness). She explained that while the Veteran claims PTSD, he experiences some concentration and focus difficulties, worry, and sleep and mood disturbance, and panic attacks. The presentation of symptoms meets the criteria for panic disorder without agoraphobia.

Based on the evidence in this case, the Board finds that service connection for PTSD is not warranted. Collectively the three VA opinions are both probative and persuasive as they are based upon a review of the claims file, and set out the most helpful and complete discussion of the medical evidence in concluding that the Veteran does not have PTSD. The VA examiners offered clear explanations for their opinions, relying on the Veteran’s reported stressor and specific medical history and considered the relevant diagnostic criteria. 

That notwithstanding, careful consideration has also been given to the opinion from the VA medical provider who did diagnose PTSD. While the opinion cannot be ignored or disregarded, see Willis v. Derwinski, 1 Vet. App. 66 (1991), the Board is free to assess medical evidence and is not compelled to accept a medical opinion. See Wilson v. Derwinski, 2 Vet. App. 614 (1992). Unfortunately, the persuasive value of the favorable opinion is weakened as there is no indication as to which DSM criteria were believed to have been met at the time of the evaluation or upon what basis the diagnosis was found to have met the full criteria, which detracts from its probative value. This especially important where, as here, there are multiple medical opinions explaining precisely why the Veteran does not warrant a diagnosis of PTSD. The vagueness of Dr. Harbin’s opinion renders it less probative than the negative opinions of record.

After weighing all the evidence, the overall disability picture fails to establish a valid diagnosis of PTSD during the appeal period. 

 

 

Thomas H. O'Shay

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board J.R. Bryant

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.