Citation Nr: AXXXXXXXX
Decision Date: 05/28/21 Archive Date: 05/28/21

DOCKET NO. 190531-20808
DATE: May 28, 2021

ORDER

Entitlement to service connection for posttraumatic stress disorder (PTSD) is granted. 

FINDING OF FACT

The Veteran's PTSD is due to in-service military sexual trauma (MST). 

CONCLUSION OF LAW

The criteria for service connection for PTSD are met. 38 U.S.C. §§ 1131, 5107; 38 C.F.R. §§ 3.102, 3.303, 3.304(f). 

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty from August 1984 to August 1987. 

In July 2018, the Veteran elected the Higher-Level Review option under the Rapid Appeals Modernization Program (RAMP), the program that allowed veterans to opt-in to the new claims and appeals process before the Appeals Modernization Act went into effect in February 2019. 38 C.F.R. §§ 3.2400, 19.2(d). In April 2019, the Department of Veterans Affairs (VA) Regional Office (RO) denied the Veteran's claim of service connection for PTSD. The Board is bound by the favorable finding in that decision that the Veteran has been diagnosed with the disability of bipolar disorder. 38 C.F.R. § 3.104(c). 

In a May 2019 Decision Review Request: Board Appeal (Notice of Disagreement) (VA Form 10182), the Veteran timely appealed the April 2019 rating decision and selected a hearing before a Veterans Law Judge. 38 C.F.R. § 20.202(b)(2). Accordingly, the Board will consider the evidence of record as of the date of the April 2019 rating decision, evidence submitted at the May 2021 hearing, and evidence submitted within 90 days following the hearing. 38 U.S.C. § 7113(b); 38 C.F.R. § 20.302.

In May 2021, the Veteran testified before the undersigned Veterans Law Judge during a virtual hearing. A transcript of that hearing is not necessary given that the Board is granting the benefit sought in full.

Entitlement to service connection for PTSD due to MST 

The Veteran contends that her PTSD is a result of an incident in service where she was photographed by two servicemembers, including her then boyfriend, while she was naked and unconscious. The Veteran was not aware of the incident until another servicemember approached her and gave her pictures from the incident showing her naked and in sexually compromising positions with the two servicemembers. 

Service connection will be granted if the evidence demonstrates that current disability resulted from an injury suffered or disease contracted in active military, naval, or air service. 38 U.S.C. § 1110; 38 C.F.R. § 3.303(a). Establishing service connection generally requires competent evidence of three things: (1) current disability; (2) in-service injury or disease; and (3) a relationship between the two. Saunders v. Wilkie, 886 F.3d 1356, 1361 (Fed. Cir. 2018). Consistent with this framework, service connection is warranted for a disease first diagnosed after service when all the evidence, including that pertinent to service, establishes that the disease was incurred in service. 38 C.F.R. § 3.303(d). 

There are particular requirements for establishing service connection for PTSD in 38 C.F.R. § 3.304(f) that are separate from those for establishing service connection generally. Arzio v. Shinseki, 602 F.3d 1343, 1347 (Fed. Cir. 2010). Service connection for PTSD generally requires: (1) medical evidence diagnosing the condition in accordance with applicable criteria; (2) a link, established by medical evidence, between current symptoms and an in-service stressor; and (3) credible supporting evidence that the claimed in-service stressor occurred. 38 C.F.R. § 3.304(f)

If a PTSD claim is based on in-service personal assault, evidence from sources other than the Veteran's service records may corroborate the Veteran's account of the stressor incident. Examples of such evidence include, but are not limited to: records from law enforcement authorities, rape crisis centers, mental health counseling centers, hospitals, or physicians; pregnancy tests or tests for sexually transmitted diseases; and statements from family members, roommates, fellow service members, or clergy. Evidence of behavior changes following the claimed assault is one type of relevant evidence that may be found in these sources. Examples of behavior changes that may constitute credible evidence of the stressor include, but are not limited to: a request for a transfer to another military duty assignment; deterioration in work performance; substance abuse; episodes of depression, panic attacks, or anxiety without an identifiable cause; or unexplained economic or social behavior changes. 38 C.F.R. § 3.304(f)(5).

For the following reasons, entitlement to service connection for PTSD due to MST is warranted. 

In January and February 2018, a licensed VA mental health social worker and VA psychologist each diagnosed the Veteran with PTSD. Although VA has limited compensation for psychiatric disabilities to those conforming to a DSM diagnosis and the Court lacks jurisdiction to review this determination, Martinez-Bodon v. Wilkie, 32 Vet. App. 393, 404 (2020), these mental health professionals "are presumed to know the DSM requirements applicable to their practice and to have taken them into account in providing a PTSD diagnosis." Cohen v. Brown, 10 Vet. App. 128, 139, 140 (1997). A March 2018 VA psychologist found the Veteran did not meet the DSM criteria for a diagnosis of PTSD, but diagnosed the Veteran with bipolar I disorder and borderline personality disorder. Given the conflicting diagnoses, the evidence is at least evenly balanced as to whether the Veteran has met the current disability requirement for PTSD. As the reasonable doubt created by the relative equipoise in the evidence on this point must be resolved in favor of the Veteran, the Board finds she has met the current disability requirement with regard to the claim for service connection for PTSD. 38 C.F.R. § 3.102 (the benefit of the doubt doctrine applies to any point within a claim as well as to its ultimate disposition).

In addition, there is competent medical evidence linking the Veteran's diagnosed PTSD to in-service stressors. 

The evidence of record shows that since at least 2016 the Veteran has participated in mental health treatment with multiple VA mental health professionals and has consistently related her history of MST while in the military. In a September 2018 VA treatment record, while reporting her history of MST, the Veteran noted that she was anxious, experienced intrusive thoughts in her free time, had nightmares, and avoided people and crowds.

In a January 2018 letter, a licensed VA mental health social worker opined that the Veteran had a diagnosis of PTSD, and that it was as likely as not that the PTSD symptoms were caused by an incident of MST that was reinforced by her experience of sexual harassment that she also experienced during her military service. While the mental health social worker noted that the Veteran experienced other traumatic incidents in her life, the MST caused the most intrusive symptoms. The Veteran found herself ruminating about the incidents, partly because she was so helpless and incapacitated at the time of the MST event. That feeling of vulnerability has haunted the Veteran through the years and contributed to adjustment problems throughout her life, including hospitalizations for mental health crises and difficulty in relationships. As the VA mental health social worker is competent, and she explained the reasons for her conclusions based on an accurate characterization of the evidence of record, her opinion is entitled to some probative weight. Nieves-Rodriguez v. Peake, 22 Vet. App. 295, 304 (2008) (most of the probative value of a medical opinion comes from its reasoning).

In a February 2018 letter, the Veteran's VA treating psychologist VA reported that it was his medical opinion that it was at least as likely as not that the Veteran's MST caused the conditions of her PTSD that she is experiencing and is impairing her ability to function in a healthy and productive lifestyle. Given that the opinion was given in the context of treatment records reflecting the Veteran's recounting of her in-service personal assault, the opinion is entitled to some probative weight. Monzingo v. Shinseki, 26 Vet. App. 97, 106 (2012) (the fact that the rationale provided by an examiner "did not explicitly lay out the examiner's journey from the facts to a conclusion," did not render the examination inadequate); Acevedo v. Shinseki, 25 Vet. App. 286, 294 (2012) (medical reports must be read as a whole and in the context of the evidence of record).

Therefore, the competent medical evidence of record supports the conclusion that the Veteran's currently diagnosed PTSD is due to her MST. 

The final issue to address with regard to PTSD is whether there is credible supporting evidence that the claimed in-service stressor occurred. The Board recognizes that the present case, involving allegations of personal assault, falls within the category of situations in which it is not unusual for there to be an absence of service records documenting the events about which a veteran complains. Patton v. West, 12 Vet. App. 272, 281 (1999). Service records may not contain evidence of personal assault, and alternative sources, including testimonial statements from confidants such as family members, roommates, fellow service members, or clergy, may provide credible evidence of an in-service stressor premised on personal assault. YR v. West, 11 Vet. Ap. 393, 399 (1998). Likewise, in cases involving an allegation that PTSD is connected to military sexual assault, the Federal Circuit has held that "the absence of a service record documenting an unreported sexual assault is not pertinent evidence that the sexual assault did not occur." AZ v. Shinseki, 731 F.3d 1303, 1318 (Fed. Cir. 2013). 

The Veteran's consistent reports of her in-service stressor are competent and credible. As noted above, the current PTSD regulation relating to personal assault reflects VA's judgment that unreported personal assaults occur frequently in the military. See Proposed Rule, PTSD Based on Personal Assault, 65 Fed. Reg. 61132 (Oct. 16, 2000) ("Many incidents of in-service personal assault are not officially reported, and veterans may find it difficult to produce evidence to prove the occurrence of this type of stressor"). The record does not include any contemporaneous corroborating evidence, such as police reports or medical examinations, however, the Veteran explained she showed the photographs to only one person and burned them because she was ashamed. This is consistent with the nature of personal assaults as indicated in VA regulations. 

Moreover, the Veteran indicated in her November 2016 statement that she fell into a major depression after she found out about the photographs and became paranoid and anxious around all the male Soldiers in her unit as she was only one of a few women in the unit. She visited the chaplain for guidance and requested he put in a discharge for her, but he refused, and she stopped meeting with him. The Veteran also noted in her statement that after the incident she became involved in a relationship with a man who gave her a bit of peace from the stressors she was going through at that time. This evidence of behavioral changes corroborates the Veteran's account of the stressor incident.

Thus, the lay statements from the Veteran, including the Veteran's reports to treatment providers during the pendency of the claim, are significant pieces of competent and credible evidence corroborating the Veteran's account of the MST. In addition, the VA psychologist and VA social worker in January and February 2018 both determined that the Veteran experienced PTSD symptoms related to her claimed MST, providing additional corroboration of the Veteran's statements as envisioned in 38 C.F.R. § 3.304(f)(5). Menegassi v. Shinseki, 628 F.3d 1379, 382 & n. 1 (Fed. Cir. 2011) (under 38 C.F.R. § 3.304(f)(5), medical opinion evidence may be submitted for use in determining whether a claimed stressor occurred, and such opinion evidence should be weighed along with the other evidence of record in making this determination). Therefore, there is credible supporting evidence of record that the claimed in-service stressor occurred. 

(Continued on the next page)

 

For the foregoing reasons, given the evidence of record showing a diagnosis of PTSD based on credible and competent supporting evidence corroborating that the in-service MST occurred, entitlement to service connection for PTSD is warranted. 38 C.F.R. § 3.304(f).

 

 

Jonathan Hager

Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board H. Styer, Associate Counsel

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.