**Frank P. BENO, Appellant,**

v.

**Anthony J. PRINCIPI, Acting Secretary of Veterans Affairs, Appellee.**

**No. 91–905.**

United States Court of Veterans Appeals.

Nov. 5, 1992.

Frank P. Beno, pro se.

James A. Endicott, Jr., Gen. Counsel, Barry M. Tapp, Asst. Gen. Counsel, Pamela L. Wood, Deputy Asst. Gen. Counsel, and William S. Mailander, were on the pleadings, for appellee.

Before KRAMER, FARLEY and HOLDAWAY, Associate Judges.

HOLDAWAY, Associate Judge, filed the opinion of the Court, in which FARLEY, Associate Judge, joined. KRAMER, Associate Judge, filed a dissenting opinion.

HOLDAWAY, Associate Judge:

Appellant, Frank P. Beno, appeals a February 5, 1991, decision of the Board of Veterans' Appeals (BVA or Board), which denied service connection for a personality disorder and denied an increased rating for anxiety reaction. The Board found that appellant's personality disorder was not an acquired psychiatric disease which was incurred in or aggravated by service, that the schedular requirements for an increased evaluation for anxiety reaction greater than 10% have not been met, and that the

veteran's service-connected anxiety reaction was productive of no more than mild social and industrial impairment. This Court affirms the decision of the Board.

## FACTS

Appellant served on active duty with the Army from June 1958 to April 1961, and with the Air Force from May 1967 to June 1970. On February 24, 1980, appellant had a psychiatric examination for rating purposes in connection with his application for disability benefits. The examining physician, Dr. Hart, stated that, "while there is no doubt that the veteran frequently feels that things are against him, this does not appear to be of sufficient proportions to warrant a psychiatric label." He was diagnosed at that time as competent for Veterans' Administration (now Department of Veterans Affairs) (VA) purposes, and with a mild anxiety reaction. Appellant was rated 10% for hypertension effective November 8, 1979; 10% for anxiety reaction effective November 8, 1979; 0% for hemorrhoids effective November 8, 1978; and had a combined rating of 20% effective November 8, 1979.

In November 1981, a second psychiatric examination was conducted. The examining physician, Dr. Friedman, stated, "[T]here are no indications of psychotic personality processes." Appellant was diagnosed as having a dysthymic disorder with features of generalized anxiety.

On September 15, 1989, appellant was admitted to Brown County Mental Health Center after he stabbed himself in the thigh with a knife and threatened suicide. An initial psychiatric evaluation was performed which originally found no Axis I diagnosis, but the evaluation was later amended. An amendment to the report was issued, and appellant was diagnosed as fitting within the Axis I criteria for a paranoid disorder and Axis III criteria for hypertension. *See* American Psychiatric Association's DIAGNOSTIC AND STATISTICAL MANUAL OF MENTAL DISORDERS, THIRD ED. (DSM–III).

On September 29, 1989, appellant requested that his service-connected nervous condition be reevaluated. This is the claim now on appeal. A psychological evaluation was done at the VA Medical Center (MC), in Tomah, Wisconsin. Dr. Bunker, a clinical psychologist, found that appellant fits the Axis II diagnostic criteria for paranoid personality disorder. *See* DSM–III § 301.-00. Appellant also showed some schizotypal personality traits, which were less prominent than his paranoia. An Axis I diagnosis showed that he did not fit the diagnostic criteria for major depression, but did fit the criteria for adjustment disorder with depressed mood. *See* DSM–III § 309.00. In addition, he minimally fit the criteria for generalized anxiety disorder. *See* DSM–III § 300.02.

A second psychiatric examination was performed at the VAMC in Tomah, Wisconsin. The evaluation covered a period of time from September 19, 1989, to January 6, 1990. Dr. Souza, a staff psychiatrist, found no Axis I diagnosis; but did find a personality disorder, not otherwise specified, with paranoid and passive/aggressive features for Axis II; and hypertension for Axis III. On May 16, 1990, the VA issued a rating decision giving appellant a 10% rating for service-connected hypertension; a 10% rating for anxiety reaction from November 8, 1989, 100% from September 19, 1989, and 10% from February 1, 1990; 0% for hemorrhoids; and a combined rating of 20% from November 8, 1979, 100% from September 19, 1989, and 20% from February 1, 1990. The 100% ratings covered a time span following his suicide attempt.

A special psychiatric examination was performed from June 4, 1990, to June 20, 1990. Dr. Rosen, a VAMC psychiatrist, found no Axis I diagnosis and an Axis II diagnosis of personality disorder, NOS (not otherwise specified). A confirmed VA rating decision was issued on May 16, 1990. An increased evaluation for the anxiety reaction was denied. The current evidence did not show symptoms productive of definite social and industrial impairment to warrant an increase.

Appellant appealed the denied increase to the BVA. On February 5, 1991, the BVA issued a decision denying service connec-

tion for the personality disorder and also denied an increased rating for anxiety reaction. In the "Discussion and Evaluation" section of the Board's opinion, the Board explained that a personality disorder is considered to be a congenital or developmental defect and as such does not fall within the legislative meaning of a disease warranting compensation. *See* 38 C.F.R. § 4.127 (1991). Only those chronic acquired psychiatric disorders like psychoses and psychoneuroses are considered disabilities for VA compensation purposes. *Id.* Therefore, service connection for the personality disorder was denied.

The increase in rating for anxiety reaction was denied because the VA medical evaluations in September 1989, and June 1990, did not show an Axis I diagnosis. Therefore, the Board found it was reasonable to conclude that whatever anxiety was present was not significantly disabling. The Board found that the symptoms of the non-service-connected personality disorder predominated, and that the personality disorder symptoms considered alone could not justify a basis for assigning a higher evaluation.

## ANALYSIS

■ As to the personality disorder, the Board was clearly correct in its finding that such disorders are developmental in nature, and, therefore, not entitled to service connection. Regulatory authority provides that personality disorders will not be considered as disabilities under terms of the schedule. *See* 38 C.F.R. §§ 4.9, 4.127 (1991). Therefore, as a matter of law there is no compensable rating disability.

■ As to the anxiety reaction, the issue presented is one of fact. As such, the function of this Court is to decide whether the factual determinations made by the Board constitute clear error. *Gilbert v. Derwinski*, 1 Vet.App. 49, 53 (1990). "Under the 'clearly erroneous' rule, this Court is not permitted to substitute its judgment for that of the BVA on issues of material fact; if there is a 'plausible' basis in the record for the factual determinations of the BVA ... we cannot overturn them." *Id.*

■ The Board's finding that appellant's service-connected anxiety disorder was productive of no more than mild social and industrial impairment is plausible. Given the fact that no Axis I diagnoses were made in the latest two evaluations, it was reasonable for the Board to infer that whatever anxiety reaction there is cannot be significantly disabling so as to render an increased rating. The conclusion of the Board that the personality disorder predominates is also a plausible inference given the fact that no anxiety reaction was found in the latest diagnoses.

The Board found that appellant's service-connected anxiety reaction is currently productive of no more than mild social and industrial impairment. This finding, ipso facto, would moot any issue of a claim based on unemployability for *compensation* purposes since only service-connected disabilities may be considered for such claims. *See* 38 C.F.R. §§ 3.4, 4.17 (1991). To the extent appellant may have implied a claim of unemployability for *pension* purposes, this issue has been neither developed nor adjudicated. Appellant may, of course, raise this issue in a separate claim.

The decision of the Board is AFFIRMED.

KRAMER, Associate Judge, dissenting.

In its decision, the BVA stated:

The veteran seeks service connection for personality disorder.... The veteran has ... claimed that this disorder is related to his service-connected anxiety reaction. Even if we are to agree with the veteran's contentions, service connection could not be granted for a personality disorder. Only chronic acquired psychiatric disorders like psychoses and psychoneuroses are considered disabilities for VA compensation purposes. A personality disorder is considered a congenital or developmental defect and as such does not fall within the legislative meaning of a disease warranting compensation.

*Frank P. Beno*, BVA 91–____, at 3 (Feb. 5, 1991).

The BVA referenced only 38 C.F.R. § 3.303(c) (1991) as bearing on this issue. It failed to reference 38 C.F.R. § 4.9 (1991), to the same effect as § 3.303(c), and more importantly, ignored 38 C.F.R. § 4.127 (1991), which provides, in relevant part, that "properly diagnosed superimposed psychotic disorders developing after enlistment, i.e., ... personality disorder with psychotic disorder, are to be considered as disabilities analogous to, and ratable as, schizophrenia, unless otherwise diagnosed."

In this case, appellant was diagnosed with paranoid disorder in September 1989 by Brown County Mental Health Center, with paranoid personality disorder in September 1989 by the VAMC, and with personality disorder not otherwise specified with paranoid features in March 1990 by VAMC. Dorland's Medical Dictionary defines paranoia as a "psychotic disorder," DORLAND'S MEDICAL DICTIONARY 1227 (27th ed. 1988); and the DSM–III–R defines it as "a condition of oversuspiciousness, sometimes to a grossly unrealistic, even psychotic extent," DSM–III–R TRAINING GUIDE 256 (1989). Given these diagnoses and the quoted language of 38 C.F.R. § 4.127, it was incumbent upon the BVA to explain whether or not § 4.127 is applicable to these diagnoses, and, if so, the relationship between the appellant's service-connected condition and his personality disorder, to include whether the latter was incurred or aggravated in service.