Citation Nr: 1448561 
Decision Date: 10/31/14 Archive Date: 11/05/14

DOCKET NO. 09-21 723 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Roanoke, Virginia


THE ISSUE

Entitlement to service connection for an acquired psychiatric disability, including posttraumatic stress disorder (PTSD).


REPRESENTATION

Appellant represented by: Veterans of Foreign Wars of the United States


ATTORNEY FOR THE BOARD

A.M. Clark, Counsel


INTRODUCTION

The Veteran served on active duty from September 1962 to September 1964. 

This case comes before the Board of Veterans' Appeals (Board) on appeal from a January 2009 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Roanoke, Virginia. This case was previously before the Board in January 2013 and March 2014 when the Veteran's claim was remanded for further development. A supplemental statement of the case was most recently issued in August 2014 and the case is once again before the Board. 

With respect to the Veteran's claim for PTSD, the Board notes that when a claimant makes a claim, he is seeking service connection for symptoms regardless of how those symptoms are diagnosed or labeled. See Clemons v. Shinseki, 23 Vet. App. 1 (2009). Although the Veteran's claim was originally adjudicated by the RO as a claim for PTSD, treatment records additionally demonstrate that the Veteran has been diagnosed with major depression, a generalized anxiety disorder, and an adjustment disorder. The Board has recharacterized the issue into a claim for an acquired psychiatric disability. See Id.

The Veteran requested a hearing before the Board; a hearing was scheduled for October 2012. The Veteran failed to appear for his scheduled hearing, accordingly the hearing request is deemed withdrawn. See 38 C.F.R. § 20.704(d) (2014).

This appeal is comprised of documents contained in the Veterans Benefits Management System (VBMS) and the Virtual VA system. All future documents should be incorporated into the Veteran's VBMS file. 


FINDINGS OF FACT

1. The record does not include credible supporting evidence verifying the occurrence of the Veteran's claimed in-service stressors; the preponderance of the evidence is against a finding that the Veteran currently has a confirmed diagnosis of PTSD and the best evidence in this case, overall, finds no PTSD at this time.

2. The evidence does not establish a nexus between the Veteran's acquired psychiatric disability and his service. 
CONCLUSION OF LAW

An acquired psychiatric disability, including PTSD, was not incurred in or aggravated by service. 38 U.S.C.A. §§ 1110, 1111, 1131, 1132, 5103(a), 5103A, 5107 (West 2002); 38 C.F.R. §§ 3.102, 3.159, 3.303, 3.304 (2014).


REASONS AND BASES FOR FINDINGS AND CONCLUSION

I. Service Connection

Under the relevant laws and regulations, service connection may be granted for a disability resulting from disease or injury incurred in or aggravated by active service. 38 U.S.C.A. §§ 1110, 1131 (West 2002). Generally, the evidence must show: (1) the existence of a present disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service. Shedden v. Principi, 381 F.3d 1163, 1166 -67 (Fed. Cir. 2004); Caluza v. Brown, 7 Vet. App. 498, 505 (1995).

Under 38 C.F.R. § 3.303(b), an alternative method of establishing the second and third Shedden/ Caluza element is through a demonstration of continuity of symptomatology if the disability claimed qualifies as a chronic disease listed in 38 C.F.R. § 3.309(a). Regulations also provide that service connection may be granted for a disability diagnosed after discharge, when all the evidence, including that pertinent to service, establishes that the disability is due to disease or injury which was incurred in or aggravated by service. 38 C.F.R. § 3.303(d). 

Service connection for PTSD requires: medical evidence diagnosing the condition in accordance with 38 C.F.R. § 4.125(a) (conforming to the Diagnostic and Statistical Manual of Mental Disorders, Fourth Edition (DSM-IV)); a link, established by medical evidence, between current symptoms and an in-service stressor; and credible supporting evidence that the claimed in-service stressor occurred. 38 C.F.R. § 3.304(f). The applicable regulation requires that the in-service stressor or traumatic event involve actual or threatened death, serious injury, or a threat to the physical integrity of self or others and the person's response involve intense fear, helplessness, or horror. See DSM-IV § 309.81 (4th ed. 1994).

If a claim for service connection for PTSD is based on allegations of in-service personal assault, evidence from sources other than a veteran's service records may corroborate a veteran's account of the stressor incident. 38 C.F.R. § 3.304(f)(5).

Finally, 38 U.S.C.A. § 1154(a) requires that VA give 'due consideration' to 'all pertinent medical and lay evidence' in evaluating a claim for disability or death benefits. Davidson v. Shinseki, 581 F.3d 1313 (Fed. Cir. 2009). Specifically, '[l]ay evidence can be competent and sufficient to establish a diagnosis of a condition when (1) a layperson is competent to identify the medical condition, (2) the layperson is reporting a contemporaneous medical diagnosis, or (3) lay testimony describing symptoms at the time supports a later diagnosis by a medical professional.' Jandreau v. Nicholson, 492 F.3d 1372, 1377 (Fed. Cir. 2007); see also Buchanan v. Nicholson, 451 F.3d 1331, 1337 (Fed. Cir. 2006).

The Veteran claims that he has an acquired psychiatric disorder, to include PTSD, major depression, a generalized anxiety disorder, and an adjustment disorder as a result of in-service stressors. Specifically, the Veteran claims that during service he was beaten. He additionally asserts that he was accidently exposed to mustard gas and that there was an accident at an ammunition dump and a rocket went off. 

The Board will address PTSD separately from his other diagnosed acquired psychiatric disabilities, as the criteria for service connection for PTSD differ from the criteria for other psychiatric disabilities, as explained above.

PTSD

As noted above, there are particular requirements for establishing PTSD in 38 C.F.R. § 3.304(f) that are separate from those for establishing service connection generally. Arzio v. Shinseki, 602 F.3d 1343, 1347 (Fed. Cir. 2010). Service connection for PTSD requires medical evidence diagnosing the condition in accordance with 38 C.F.R. § 4.125(a) (requiring PTSD diagnoses to conform to the DSM-IV); a link, established by medical evidence, between current symptoms and an in-service stressor; and credible supporting evidence that the claimed in-service stressor occurred. 38 C.F.R. §§ 3.304(f).

If a claim for service connection for PTSD is based on allegations of in-service personal assault, evidence from sources other than a veteran's service records may corroborate a veteran's account of the stressor incident. Examples of such evidence include, but are not limited to: records from law enforcement authorities, rape crisis centers, mental health counseling centers, hospitals, or physicians; pregnancy tests or tests for sexually transmitted diseases; and statements from family members, roommates, fellow service members, or clergy. Evidence of behavior changes following the claimed assault is one type of relevant evidence that may be found in these sources. Examples of behavior changes that may constitute credible evidence of the stressor and such evidence include, but are not limited to: a request for a transfer to another military duty assignment; deterioration in work performance; substance abuse; episodes of depression, panic attacks, or anxiety without an identifiable cause; or unexplained economic or social behavior changes. 38 C.F.R. § 3.304(f)(5).

The regulation specifically provides that VA will not deny a PTSD claim that is based on in-service personal assault without first advising the claimant that evidence from sources other than a veteran's service records or evidence of behavior changes may constitute credible supporting evidence of the stressor and allowing him or her the opportunity to furnish this type of evidence or advise VA of potential sources of such evidence. VA may submit any evidence that it receives to an appropriate medical or mental health professional for an opinion as to whether it indicates that a personal assault occurred. 38 C.F.R. § 3.304(f)(5).

In adjudicating a claim for service connection for PTSD, the evidence necessary to establish the incurrence of a stressor during service to support a claim of entitlement to service connection for PTSD will vary depending on whether or not the Veteran was 'engaged in combat with the enemy.' See Hayes v. Brown, 5 Vet. App. 60, 66 (1993). If it is determined through military citation or other supportive evidence that a veteran engaged in combat with the enemy, and the claimed stressors are related to combat, a veteran's lay testimony regarding the reported stressors must be accepted as conclusive evidence as to their actual occurrence and no further development or corroborative evidence will be necessary, provided that the testimony is found to be satisfactory, that is, not contradicted by service records, and 'consistent with the circumstances, conditions, or hardships of such service.' 38 U.S.C.A. § 1154(b); 38 C.F.R. § 3.304(d),(f); Doran v. Brown, 6 Vet. App. 283, 289 (1994). To gain the benefit of a relaxed standard for proof of service incurrence of an injury or disease, 38 U.S.C.A. § 1154(b) requires that a veteran have actually participated in combat with the enemy. See VAOPGCPREC 12-99.

If it is determined that a veteran did not engage in combat with the enemy, or the claimed stressor is not related to combat, a veteran's lay testimony alone will not be enough to establish the occurrence of the alleged stressor. In such cases, the record must contain service records or other corroborative evidence which substantiates or verifies a veteran's testimony or statements as to the occurrence of the claimed stressors. See Zarycki v. Brown, 6 Vet. App. 91, 98 (1993).

Even without combat participation, if the Veteran's claimed stressor is related to 'fear of hostile military or terrorist activity,' and a VA psychiatrist or psychologist, or contract equivalent, confirms that the claimed stressor is adequate to support a diagnosis of PTSD, and the Veteran's symptoms are related to the claimed stressor, in the absence of clear and convincing evidence to the contrary, and provided the claimed stressor is consistent with the places, types, and circumstances of the Veteran's service, the Veteran's lay testimony alone may establish the occurrence of the claimed in-service stressor. 38 C.F.R. § 3.304(f)(3) (2014).

Fear of hostile military or terrorist activity means that a Veteran experienced, witnessed, or was confronted with an event or circumstance that involved actual or threatened death or serious injury, or a threat to the physical integrity of the veteran or others, such as from an actual or potential improvised explosive device; vehicle-imbedded explosive device; incoming artillery, rocket, or mortar fire; grenade; small arms fire, including suspected sniper fire; or attack upon friendly military aircraft, and the veteran's response to the event or circumstance involved a psychological or psycho-physiological state of fear, helplessness, or horror. 38 C.F.R. § 3.304(f)(3) (2014).

Furthermore, certain diseases, such as psychoses, are presumed to have been incurred in service if manifested to a compensable degree within one year after service. The presumption is rebuttable by probative evidence to the contrary. 38 U.S.C.A. §§ 1101, 1112, 1113 (West 2002); 38 C.F.R. §§ 3.307, 3.309(a) (2014). Psychoses include the following specific disorders: brief psychotic disorder, delusional disorder, psychotic disorder due to general medical condition, psychotic disorder not otherwise specified, schizoaffective disorder, schizophrenia, schizophreniform disorder, shared psychotic disorder, and substance-induced psychotic disorder. 38 C.F.R. § 3.384 (2014). The Board notes that the Veteran has not been diagnosed with psychoses. 

The Veteran's claim for PTSD is not based on either combat or his fear of hostile military activity. Indeed, the Veteran's service treatment and personnel records are negative for any indication that the Veteran participated in combat. The Veteran does not dispute this fact. 

Furthermore, the Veteran's service separation document lists no decorations, medals, badges, commendations, citations, or campaign ribbons that would suggest that he participated in combat. Moreover, his claims that he was accidently exposed to mustard gas and that a rocket accidently went off in an ammo dump do not qualify under these provisions of 38 U.S.C.A. § 3.304(f)(3). Additionally, the Veteran has provided insufficient details to verify either of these two events occurred. 

The Veteran's primary claimed stressor is based on a personal assault that allegedly occurred during the Veteran's basic training. Here, the claim for service connection for PTSD must be denied because the evidence does not support a diagnosis of PTSD based on his claimed stressors.

The record contains extensive psychiatric treatment records with multiple diagnoses of psychiatric disabilities. These diagnoses are overwhelmingly of disabilities other than PTSD, including major depression, a generalized anxiety disorder, and an adjustment disorder. The record does contains numerous treatment records associated with PTSD group therapy. Moreover, there is a private August 2008 treatment record which notes a diagnosis of PTSD. The private treating practitioner additionally diagnosed a major depressive disorder and possible organic brain syndrome with alcohol abuse. These diagnoses were made after considering the Veteran's allegations of being beaten in service. 

The Veteran was afforded a March 2013 VA examination to determine whether he had a current diagnosis of PTSD. The March 2013 VA examiner determined that the Veteran's stressors of allegedly getting a whiff of mustard gas and being physically assaulted were not adequate to support the diagnosis of PTSD. The VA examiner noted that he could not without undue speculation answer the question of whether these events had happened. 

Significantly, even if they (the stressors) had occurred, the VA examiner clearly noted that a diagnosis of PTSD could not be made based on these reported stressors. 

The VA examiner indicated that he had heard of such things happening, and while it is possible to have happened to this Veteran there is no evidence documenting such an occurrence. The VA examiner noted that there was no report of an assault and the service treatment records were not consistent with such an event. He noted that the Veteran denied mental health problems upon military discharge. The VA examiner indicated that the Veteran had even reported at an April 2000 psychological test that he had gotten along well with the other soldiers. 

The VA examiner stated that the Veteran was not clear that the alleged events involved excessive terror, horror or actual fear for his life as opposed to being an unpleasant or painful hazing or a harassment experience. It was noted that he was not at all in distress when discussing the alleged incidents at the VA examination. 

Significantly, the VA examiner indicated that there was an absence of what are commonly called "markers" changes in behavior following a trauma event such as a physical or sexual assault. The VA examiner stated that there were no distinct changes in behavior during the Veteran's two years of military service, such as suddenly getting into discipline trouble, excessive drinking problems, etc. The VA examiner noted that upon examination the Veteran's affect was broad and mood appeared euthymic. He stated that the Veteran was polite and cooperative and in no significant emotional distress, including while discussing alleged "trauma" events. 

Notably, the VA examiner opined that the Veteran did not have PTSD. He considered that the Veteran had been seen by VA psychiatry for 20 years and was not diagnosed with PTSD. He did note the 2008 private sector psychiatry evaluation which diagnosed the Veteran with PTSD. The VA examiner opined that there were not a sufficient number of symptoms described in the private treatment record to warrant a PTSD diagnosis. He also noted that some of the Veteran's symptoms could easily be explained by his other diagnoses of anxiety and depression. 

While the Board finds that the evidence weighs again a current diagnosis of PTSD based on his reported in-service stressors for the purposes of VA compensation benefits, even assuming that the diagnoses of PTSD in the treatment records conformed to the DSM IV criteria, the Board finds that the probative evidence reflects that the claimed in-service stressors did not occur and therefore service connection for PTSD must be denied.

The Board finds it significant that for decades the Veteran made no mention of an in-service assault or stressors. It was not until after his 2007 claim for benefits that the Veteran began to report these in-service stressors to his medical providers. This is despite decades of psychiatric treatment contained in the claims file. In fact, psychiatric treatment records from the early 1990's make no mention of these alleged in-service stressors. The Board finds this weighs against the Veteran's credibility as such information would have been crucial in evaluating and treating his condition. Put another way, had an assault truly occurred, it would have benefited the Veteran to report such to his psychiatrists. Rucker v. Brown, 10 Vet. App. 67, 73 (1997) (statements made to physicians for purposes of diagnosis and treatment are exceptionally trustworthy because the declarant has a strong motive to tell the truth in order to receive proper care). 

Simply stated, many of the Veteran's own prior statements provide highly probative factual evidence against this claim. 

Additionally, weighing against his claim are the findings of the March 2013 VA examiner who could not find in-service evidence (changes in behavior or other markers) of any kind to support that these stressors had occurred.

Beyond the above, it is very important for the Veteran to understand that even if the Board assumes that these events he has cited did occur, the best evidence in this case (the most probative), including the VA examination cited above and the Veteran's treatment records (overall) provided highly probative evidence against the claim that he has PTSD at this time or at any time during his appeal. While there are clear some indications of PTSD, the best evidence in this case outweigh this finding. 

Based on this evidence, the Board finds that the evidence weighs against a diagnosis of PTSD based on the Veteran's claimed stressors. Therefore, Board finds that the Veteran's claim for service connection PTSD is denied. 38 U.S.C.A. § 5107(b) (West 2002); Gilbert v. Derwinski, 1 Vet. App. 49 (1990).

Psychiatric Disability Other Than PTSD

As to whether an acquired psychiatric disability other than PTSD manifested in service or is otherwise related to service, the Board finds that the probative evidence reflects that the Veteran's acquired psychiatric disabilities did not have their onset in service nor are they related to any in service event or injury.

The Veteran's service treatment records are devoid of any treatment for sequelae of an assault or significant markers suggesting physical trauma. A June 1964 separation examination noted a normal psychiatric evaluation. The Veteran denied trouble sleeping, nightmares, and depression in a report of medical history completed at that time, providing more factual evidence against his own claim.

The Board has also considered the statements of the Veteran and his friends and family regarding continuity of symptoms of his acquired psychiatric disability since service. However, in a very recent decision the Federal Circuit held that the theory of continuity of symptomatology can be used only in cases involving those conditions explicitly recognized as chronic 38 C.F.R. § 3.309(a). Although psychoses is a disease identified under 3.309(a), the Veteran does not have this diagnosis. As the Veteran has not exhibited a psychiatric disability listed under 3.309, continuity of symptomatology is simply not applicable in the present case.

Having determined that the Veteran's alleged clinical history regarding onset and continuity of an acquired psychiatric disability is inapplicable, the Board next considers that service connection may be granted when the evidence establishes a medical nexus between active duty service and current complaints. 

In this regard, at the March 2013 VA examination the VA examiner diagnosed the Veteran with a depressive disorder, anxiety disorder, alcohol abuse and a personality disorder. The Board notes that personality disorders are not compensable diseases or injuries within the meaning of veterans' benefits law. 38 C.F.R. §§ 3.303(c), 4.9 (2014); Winn v. Brown, 8 Vet. App. 510, 516 (1996); Beno v. Principi, 3 Vet. App. 439 (1992). The VA examiner noted that the Veteran seems to have a history of depression and anxiety, likely exacerbated by a personality disorder involving dependent traits. It was noted that the Veteran relies heavily on his wife and is very indecisive. The VA examiner noted that the Veteran's anxiety and depression seem to fluctuate in severity related to situational life stress and the Veteran seems to have cognitive dysfunction of unclear origin. It was noted that a history of alcohol abuse further complicates his life. 

The VA examiner opined that none of these conditions originated or are due to military service or the alleged events in military service. He rationalized that the Veteran had no mental health complaints in service and denied any such problems upon discharge. It was noted that he went 30 years until the early 1990's before having any mental health treatment (which was prompted at the time by current life stress involving his drinking and the marriage.) There are no contradictory opinions of record. 

The Board finds that the March 2013 VA examination and opinion, are adequate because the examiner thoroughly reviewed the claims file and discussed the relevant evidence, considered the contentions of the Veteran, and provided a thorough supporting rationale for the conclusions reached. Barr v. Nicholson, 21 Vet. App. 303 (2007); Stefl v. Nicholson, 21 Vet. App. 120 (2007); Nieves-Rodriguez v. Peake, 22 Vet. App. 295 (2008).

The Board notes that while the Veteran and his wife and friends might sincerely believe that he has an acquired psychiatric disability that is related to his active service, as lay persons they are not competent to relate any current acquired psychiatric diagnosis to his active service, to include any treatment therein, as that is outside the common knowledge of a lay person and would require medical expertise. Kahana v. Shinseki, 24 Vet. App. 428 (2011); Jandreau v. Nicholson, 492 F.3d 1372 (Fed. Cir. 2007). In any event, their medical opinions are outweighed by the medical opinion of the March 2013 examiner. 

The Board finds that the preponderance of the evidence is against the claim and entitlement to service connection for an acquired psychiatric disability, other than PTSD, is not warranted. Therefore, the claim must be denied. 38 U.S.C.A. § 5107(b) (West 2002); Gilbert v. Derwinski, 1 Vet. App. 49 (1990).

II. Duties to Notify and Assist

As provided for by the Veterans Claims Assistance Act of 2000 (VCAA), VA has a duty to notify and assist claimants in substantiating a claim for VA benefits. 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, 5107, 5126 (West 2002); 38 C.F.R. §§ 3.102, 3.156(a), 3.159, 3.326(a) (2014).

With respect to his claim, the Veteran has received all essential notice, has had a meaningful opportunity to participate in the development of his claim, and is not prejudiced by any technical notice deficiency along the way. See Conway v. Principi, 353 F.3d 1369 (Fed. Cir., 2004). A RO letter dated in July 2008 informed the Veteran of all three elements required by 38 C.F.R. § 3.159(b). As such, the VCAA duty to notify was satisfied. The Veteran was additionally informed of the special notice requirements required in PTSD assault cases. 

As to VA's duty to assist, the Board finds that all necessary development has been accomplished, and therefore appellate review may proceed without prejudice to the Veteran. See Bernard v. Brown, 4 Vet. App. 384 (1993). The Veteran's service treatment records, post-service VA treatment records, Social Security Administration (SSA) records, and the Veteran's written assertions have been associated with the virtual claims file. Moreover, the Board has reviewed both the Veteran's Virtual VA (VVA) claims file and Veterans Benefits Management System (VBMS) file. 

Next, the Veteran was afforded an examination in March 2013. To that end, when VA undertakes to provide a VA examination or obtain a VA opinion, it must ensure that the examination or opinion is adequate. Barr v. Nicholson, 21 Vet. App. 303, 312 (2007). The Board finds that the March 2013 VA examination obtained adequately addresses all of the Veteran's contentions and is adequate. 

A Court or Board remand confers upon the Appellant the right to compliance with that order. Stegall v. West, 11 Vet. App. 268, 271 (1998). As already noted, the matter was remanded in January 2013 and March 2014, in pertinent part, to obtain additional records and afford the Veteran a VA examination. All those actions were accomplished, and there has been substantial compliance with the Remands. D'Aries v. Peake, 22 Vet. App. 97, 105 (2008) (holding that there must be substantial compliance with the terms of a Court or Board remand).

The Board concludes that all the available records and medical evidence have been obtained in order to make an adequate determination as to this claim. Hence, no further notice or assistance is required to fulfill VA's duty to assist in the development of the claim. Smith v. Gober, 14 Vet. App. 227 (2000), aff'd, 281 F.3d 1384 (Fed. Cir. 2002); Dela Cruz v. Principi, 15 Vet. App. 143 (2001); see also Quartuccio v. Principi, 16 Vet. App. 183 (2002).


ORDER

Service connection for an acquired psychiatric disability, including PTSD, is denied. 


____________________________________________
JOHN J. CROWLEY
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs