Citation Nr: 1532776 
Decision Date: 07/31/15 Archive Date: 08/05/15

DOCKET NO. 12-30 739A ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Atlanta, Georgia


THE ISSUE

Entitlement to service connection for an acquired psychiatric disorder.


REPRESENTATION

Appellant represented by: Kenneth L. LaVan, Attorney


WITNESS AT HEARING ON APPEAL

The Veteran


ATTORNEY FOR THE BOARD

J. Henriquez, Counsel


INTRODUCTION

The Veteran had a period of honorable active service from October 1988 to June 30, 1992, and a period of other than honorable service from July 1, 1992 to January 16, 1996. A February 1998 VA administrative decision concluded that the Veteran's service for the period from July 1, 1992 to January 16, 1996, is a bar to VA benefits.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from February and March 2010 rating decisions of the Department of Veterans Affairs (VA) Regional Office (RO) in Atlanta, Georgia.

In May 2013, the Veteran provided testimony at a videoconference hearing. A transcript of the hearing is of record. 

In February 2015, the Board expanded the issue to entitlement to service connection for an acquired psychiatric disorder and remanded the matter for further development. The directives of the Board remand have been complied with and the matter is ready for appellate review.


FINDING OF FACT

The Veteran does not have an acquired psychiatric disorder that is attributable to his military service. 


CONCLUSION OF LAW

The criteria for service connection for an acquired psychiatric disorder are not met. 38 U.S.C.A. §§ 1110, 1131 (West 2014); 38 C.F.R. §§ 3.303, 3.309 (2014).



REASONS AND BASES FOR FINDING AND CONCLUSION

The requirements of 38 U.S.C.A. §§ 5103 and 5103A have been met. There is no issue as to providing an appropriate application form or completeness of the application. VA notified the Veteran in December 2009 of the information and evidence needed to substantiate and complete a claim, to include notice of what part of that evidence is to be provided by the Veteran, what part VA will attempt to obtain, and how disability ratings and effective dates are determined. 

VA has fulfilled its duty to assist. The RO has made reasonable and appropriate efforts to assist the Veteran in obtaining the evidence necessary to substantiate this claim, including requesting information from the appellant regarding pertinent medical treatment he may have received and obtaining such records, as well as affording him a VA examination. 

Hence, VA has fulfilled its duty to notify and assist the Veteran, and adjudication at this juncture, without directing or accomplishing any additional notification and/or development action, poses no risk of prejudice to the Veteran. See, e.g., Bernard v. Brown, 4 Vet, App. 384, 394 (1993). The appeal is now ready to be considered on the merits.

LAW AND ANALYSIS

Service connection may be granted for a disability resulting from an injury sustained or disease incurred in the line of duty or for aggravation of a pre-existing injury or disease in the line of duty. 38 U.S.C.A. §§ 1110, 1131 (West 2014); 38 C.F.R. § 3.303 (2014). 

In order to prevail on the issue of service connection on the merits, there must be medical evidence of (1) a current disability; (2) medical, or in certain circumstances, lay evidence of in-service incurrence or aggravation of a disease or injury; and (3) medical evidence of a nexus between the claimed in-service disease or injury and the present disease or injury. See generally Hickson v. West, 12 Vet. App. 247, 253 (1999). 


Personality disorders are not diseases or injuries under VA regulations and therefore are not disabilities for which service connection can be granted. 38 C.F.R. § 3.303(c). Nevertheless, service connection may be granted if the evidence shows that an acquired psychiatric disorder was incurred or aggravated in service and superimposed upon the preexisting personality disorder. 38 C.F.R. §§ 4.9; 4.125(a), 4.127; Carpenter v. Brown, 8 Vet. App, 240 (1995); Beno v. Principi, 3 Vet. App. 439 (1992).

The Veteran is seeking service connection for an acquired psychiatric disorder. The record shows current diagnoses of bipolar disorder, depression, schizoaffective disorder and dysthymic disorder and personality disorder. 

He alleges that the events that led to his psychiatric illness began during his period of active duty service and ultimately resulted in his other than honorable discharge in January 1996. Specifically, he testified that his service duties in telecommunications handling sensitive information was very stressful for him.

Service treatment records show that in December 1995, the Veteran was diagnosed as having major depression, severe with suicidal ideation. This diagnosis was made during the period of service that is a bar to VA benefits. 

In a June 2013 letter, the Veteran's private psychiatrist, Dr. M., opined that it is highly likely that the Veteran's mental illness (diagnosed as bipolar disorder and depression) was present during his time in the military and may have worsened during that time as well. Dr. M. did not provide any rationale for the opinion. 

The Veteran underwent a VA disability benefits questionnaire (DBQ) for mental disorders in March 2015. The examiner provided a diagnosis of personality disorder with borderline and antisocial features and further stated that there was no evidence of an acquired psychiatric condition that emerged during the Veteran's term of military service. The examiner explained that a complete examination revealed that the Veteran's presentation was not consistent with a diagnosis of any acquired psychiatric disorder. The examiner stated that during the interview the Veteran was making clear efforts to exaggerate and/or outright feign the extent of his emotional distress and that standardized psychological testing confirmed as much. The examiner questioned Dr. M.'s diagnoses of bipolar disorder and depression as there was no rationale for these diagnoses. Moreover, the examiner noted that per DSM (American Psychiatric Association: Diagnostic and Statistical Manual of Mental Disorders) guidelines, an individual would not logically carry diagnoses of both bipolar disorder and a depressive disorder as the latter is subsumed in the former. Also, the examiner noted that Dr. M. does not mention any of the Veteran's extensive history of drug abuse. The examiner emphasized that it was well documented in the Veteran's VA records that the Veteran only presented for inpatient psychiatric admission in the context of crack cocaine binges and that VA providers had consistently noted that the Veteran's mood and pseudo-psychotic symptoms were pursuant to drug intoxication and withdrawal and not due to a primary mental disorder. 

An evaluation of the probative value of medical opinion evidence is based on the medical expert's personal examination of the patient, the examiner's knowledge and skill in analyzing the data, and the medical conclusion reached. The credibility and weight to be attached to such opinions are within the province of the Board as adjudicator. Guerrieri v. Brown, 4 Vet. App. 467 (1993). Greater weight may be placed on one physician's opinion over another depending on factors such as reasoning employed by the physicians and whether or not and the extent to which they reviewed prior clinical records and other evidence. Gabrielson v. Brown, 7 Vet. App. 36 (1994). The probative value of a medical opinion is generally based on the scope of the examination or review, as well as the relative merits of the expert's qualifications and analytical findings, and the probative weight of a medical opinion may be reduced if the examiner fails to explain the basis for an opinion. Sklar v. Brown, 5 Vet. App. 140 (1993).

The Board finds the opinion of the March 2015 VA examiner indicating that the Veteran does not have an acquired psychiatric disorder to be the most persuasive medical evidence of record. The VA examiner's findings were based on a thorough and detailed examination of the Veteran and the claims folder and were supported by an adequate and persuasive rationale. See Prejean v. West, 13 Vet. App. 444 (2000) (factors for assessing the probative value of a medical opinion include the physician's access to the claims folder and the Veteran's history, and the thoroughness and detail of the opinion). The Board also considers it significant that the March 2015 VA examiner's opinion constitutes the most recent medical evidence of record and that it was requested specifically to address the issue on appeal. Moreover, the VA examiner provided specific reasons for questioning the validity of Dr. M's opinion relating a psychiatric disorder to the Veteran's service. Consequently, the Board gives greater weight to the more recent VA examiner's report. 

As indicated above, the Veteran asserts that his current mental health problems are attributable to his service. Lay evidence may be competent on a variety of matters concerning the nature and cause of disability. Jandreau v. Nicholson, 492 F.3d 1372 (Fed. Cir. 2007). The Board acknowledges that the Veteran is competent to testify as to the presence of mental health symptoms, which are capable of lay observation. However, once the threshold of competency is met, the Board must consider how much of a tendency a piece of evidence has to support a finding of the fact in contention. Not all competent evidence is of equal value. The Board finds the May 2015 VA examination report to be more probative than the Veteran's statements. The VA examiner is a medical professional and was able to review the overall record, including the Veteran's history and opinions.

Given the objective medical evidence that the Veteran does not meet the diagnostic criteria for a diagnosis of an acquired psychiatric disorder, and that the Veteran instead has a personality disorder, a preponderance of the evidence is against the claim, and it is, therefore, denied. (As noted above, a personality disorder is not a disease for which service connection may be granted.) 

In arriving at the decision to deny the claim, the Board has considered the applicability of the benefit-of-the-doubt rule enunciated in 38 U.S.C.A. § 5107(b). However, as there is not an approximate balance of evidence, that rule is not applicable in this case. See Gilbert v. Derwinski, 1 Vet. App. 49 (1990); Ortiz v. Principi, 274 F. 3d 1361 (Fed. Cir. 2001).


ORDER

Service connection for an acquired psychiatric disorder is denied.



____________________________________________
KATHLEEN K. GALLAGHER
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs