Citation Nr: 1505519 
Decision Date: 02/05/15 Archive Date: 02/18/15

DOCKET NO. 07-36 002 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Waco, Texas


THE ISSUE

Entitlement to service connection for a psychiatric disability, to include posttraumatic stress disorder (PTSD).


REPRESENTATION

Appellant represented by: Disabled American Veterans


WITNESSES AT HEARING ON APPEAL

The Appellant and Spouse


ATTORNEY FOR THE BOARD

Hallie E. Brokowsky, Counsel


INTRODUCTION

The Veteran served on active duty from May 1962 to May 1964.

This matter came before the Board of Veterans' Appeals (the Board) on appeal from a September 2007 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Waco, Texas.

In March 2010, the Veteran testified before the undersigned at a videoconference hearing. A transcript of the hearing has been associated with the claim file. 

In March 2010, the Board remanded the claim for further development. In October 2011, the Board denied the Veteran's claim for an acquired psychiatric disorder, to include PTSD.

Pursuant to a settlement agreement in the case of National Org. of Veterans' Advocates, Inc. v. Secretary of Veterans Affairs, 725 F. 3d 1312 (Fed. Cir. 2013), the Board's October 2011 decision was identified as having been potentially affected by an invalidated rule relating to the duties of the VLJ that conducted the March 2010 hearing to the extent that it denied the Veteran's claim for service connection of an acquired psychiatric disorder, to include PTSD. In order to remedy any such potential error, the Board sent the Veteran a letter notifying him of an opportunity to receive a new hearing and/or a new decision from the Board. Subsequently, the Veteran requested a new hearing and to have the prior decision vacated and a new one issued in its place. The Veteran was afforded a new hearing before the undersigned VLJ in December 2014, and this decision fully satisfies the remainder of that request. 

The Virtual VA claims file has been reviewed. Documents contained therein are duplicative of those in the paper claims file. Other than the transcript of the Veteran's December 2014 hearing before the undersigned, documents pertaining to the Veteran in the Veterans Benefits Management System are duplicative of those in the Virtual VA and paper claims file.


FINDINGS OF FACT

1. There is no diagnosis of PTSD based on any claimed stressor or fear of hostile military or terrorist activity; the Veteran did not engage in combat with the enemy, and there is no credible evidence corroborating any of the Veteran's alleged in-service stressors.

2. An acquired psychiatric disorder was not manifest in service and is not attributable to service.


CONCLUSIONS OF LAW

1. PTSD, was not incurred in or aggravated by service. 38 U.S.C.A. §§ 1110, 5103A, 5107 (West 2014); 38 C.F.R. §§ 3.303, 4.125(a) (2014).

2. An acquired psychiatric disorder was not incurred in or aggravated by service. 38 U.S.C.A. § 1110, 5103(a), 5103A, 5107 (West 2014); 38 C.F.R. § 3.303 (2014).


REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

Duties to Notify and Assist

The Veterans Claims Assistance Act of 2000 (VCAA) and implementing regulations impose obligations on VA to provide claimants with notice and assistance. 38 U.S.C.A. §§ 5102, 5103, 5103A, 5107, 5126 (West 2014); 38 C.F.R. §§ 3.102, 3.156(a), 3.159, 3.326(a) (2014). The United States Court of Appeals for Veterans Claims (Court) issued a decision in the appeal of Dingess v. Nicholson, 19 Vet. App. 473 (2006), which held that the notice requirements of 38 U.S.C.A. § 5103(a) and 38 C.F.R. § 3.159(b) apply to five elements of a service connection claim - (1) veteran status; (2) existence of a disability; (3) a connection between a veteran's service and the disability; (4) degree of disability; and (5) effective date of the disability - and the degree of disability and the effective date of an award. 

In this case, the agency of original jurisdiction issued the Veteran a notice letter in December 2006. This letter explained the evidence necessary to substantiate the Veteran's claim for service connection, as well the legal criteria for entitlement to such benefits. The letter also informed him of his and VA's respective duties for obtaining evidence. The AOJ decision that is the basis of this appeal was decided after the issuance of an appropriate VCAA notice. As such, there was no defect with respect to timing of the VCAA notice. See Pelegrini v. Principi, 18 Vet. App. 112 (2004).

VA also has a duty to assist with the development of facts pertinent to the appeal. This duty includes the obtaining of relevant records in the custody of a Federal department or agency as well as private medical records. VA will also provide a medical examination if such examination is determined to be necessary to decide the claim. 38 U.S.C.A. § 5103A; 38 C.F.R. § 3.159(c). 

The claims file contains the Veteran's available service treatment records, reports of post-service treatment, and the Veteran's own statements in support of his claim. The Veteran was afforded a VA examination responsive to the claim for service connection of an acquired psychiatric disorder, to include PTSD. McClendon v. Nicholson, 20 Vet. App. 79 (2006). The opinion was conducted by a medical professional, following thorough examination of the Veteran, solicitation of history, and review of the claims file. 

Additionally, the Board notes that medical records associated with the Veteran's claim for Social Security Administration (SSA) benefits have not been associated with the claim file. However, in a reply of June 2010 to a request for SSA records, the SSA noted that the records were not available as they had been destroyed. As such, there are no outstanding SSA records to be obtained. 


The Board also observes that the undersigned VLJ, at the Veteran's December 2014 hearing, clarified the issue on appeal and explained the concept of service connection, as well as explained the evaluation process. Potential evidentiary defects were identified and the file was left open to provide an opportunity to submit additional evidence. The actions of the Judge supplement VCAA and comply with 38 C.F.R. § 3.103. 

The Board has reviewed the Veteran's statements and medical evidence of record and concludes that there is no outstanding evidence with respect to the Veteran's claim. For these reasons, the Board finds that the VCAA duties to notify and assist have been met.

Service Connection

Service connection may be granted for disability resulting from disease or injury incurred in or aggravated by active service. 38 U.S.C.A. §§ 1110, 1131 (West 2014); 38 C.F.R. § 3.303(a) (2014). To establish a right to compensation for a present disability, a Veteran must show: (1) the existence of a present disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service-the so-called "nexus" requirement. Holton v. Shinseki, 557 F.3d 1362, 1366 (Fed. Cir. 2009) (quoting Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004)). 

Service connection may be granted for any disease initially diagnosed after service when all of the evidence, including that pertinent to service, establishes that the disease was incurred in service. 38 C.F.R. § 3.303(d).

The Veteran does not have a "chronic disease" under 38 C.F.R. § 3.309(a); therefore, 38 C.F.R. § 3.303(b) does not apply to the claim for service connection. Walker v. Shinseki, 708 F.3d 1331 (Fed. Cir. 2013). 

There are particular requirements for establishing PTSD in 38 C.F.R. § 3.304(f) that are separate from those for establishing service connection generally. Arzio v. Shinseki, 602 F.3d 1343, 1347 (Fed. Cir. 2010). Service connection for PTSD requires medical evidence diagnosing the condition in accordance with 38 C.F.R. § 4.125(a); a link, established by medical evidence, between current symptoms and an in-service stressor; and credible supporting evidence that the claimed in-service stressor occurred. 38 C.F.R. § 3.304(f) and 38 C.F.R. § 4.125 (2014) (requiring PTSD diagnoses to conform to the DSM-IV/V).

If the evidence establishes that the Veteran engaged in combat with the enemy and the claimed stressor is related to that combat, in the absence of clear and convincing evidence to the contrary, and provided that the claimed stressor is consistent with the circumstances, conditions, or hardships of the Veteran's service, the Veteran's lay testimony alone may establish the occurrence of the claimed in-service stressor. 38 C.F.R. § 3.304(f)(1). See also 38 U.S.C.A. § 1154(b) and 38 C.F.R. § 3.304(d) (pertaining to combat Veterans). A finding that the Veteran engaged in combat with the enemy, however, requires that the Veteran participated in events constituting an actual fight or encounter with a military foe or hostile unit or instrumentality, and does not apply to veterans who served in a general "combat area" or "combat zone" but did not themselves engage in combat with the enemy. See VAOPGCPREC 12-99 (October 18, 1999). 

Effective July 13, 2010, 38 C.F.R. § 3.304(f) was amended to reduce the evidentiary burden of establishing a stressor when it is related to a fear of hostile military or terrorist activity. See 75 Fed. Reg. 39843-01 (July 13, 2010), codified at 38 C.F.R. § 3.304(f)(3). The amendment provides that, if a stressor claimed by a veteran is related to the veteran's fear of hostile military activity, and a VA psychiatrist or psychologist confirms that the claimed stressor is adequate to support a diagnosis of PTSD, a veteran's lay testimony alone may establish the occurrence of the claimed in-service stressor, as long as the claimed stressor is consistent with the places, types, and circumstances of the veteran's service and there is no clear and convincing evidence to the contrary. Id. "Fear of hostile military activity" is defined to mean that a veteran experienced, witnessed, or was confronted with an event or circumstance that involved actual or threatened death or serious injury, or a threat to the physical integrity of the veteran or others, and the veteran's response to the event or circumstance involved a psychological or psycho-physiological state of fear, helplessness, or horror. Id. The list of examples of such an event or circumstance specifically includes attack upon friendly military aircraft, vehicle-imbedded explosive devices, and incoming artillery, rocket, or mortar fire.

In Patton v. West, 12 Vet. App. 272 (1999), the Court held that special consideration must be given to claims for service connection for PTSD based on personal assault. In particular, the Court held that the provisions in VA's Adjudication Manual which addressed PTSD claims based on personal assault are substantive rules which are the equivalent of VA regulations and must be considered. See also YR v. West, 11 Vet. App. 393, 398-99 (1998). Moreover, evidence other than the Veteran's service records can corroborate the occurrence of a claimed in service stressor based on personal assault. See 38 C.F.R. § 3.304(f)(5). 

The Board notes that the Veteran did not engage in combat with the enemy. In this regard, the Board notes that while the Veteran testified at the March 2010 hearing that he had fought with the enemy in Korea, the record shows that the Veteran did not serve during a period of war and his DD 214 does not show he has been awarded any combat related medals. Any assertion of combat or combat like activity is not credible. The combat provisions of 38 U.S.C.A. § 1154 (West 2014) are not applicable.

Service treatment records are completely silent for any treatment of or diagnosis of a psychiatric disability. The March 1964 separation report shows a normal psychiatric evaluation. In the accompanying Report of Medical History, the Veteran denied any depression or excessive worry, loss of memory or amnesia, nervous trouble of any sort, frequent trouble sleeping or, frequent or terrifying nightmares. 

A VA mental health intake report of January 1999 notes the Veteran reported temper and violence problems since service. He reported that he has been depressed and has had suicidal thoughts in the past but none at the present. He denied homicidal thoughts. He stated his symptoms started while he was stationed in Korea, where he had many bad experiences, but no combat. He reported frequent disturbing memories and dreams about his experiences. He stated he was depressed because he has no job. He prefers to be a loner. He has no hallucinations, some paranoia, problems with concentration, but memory is OK. The assessment included depression. 

VA treatment records dated November 1999 note a diagnosis of questionable PTSD. An SSA decision of February 2000 notes the Veteran had a diagnosis of alcohol induced mood disorder secondary to his chronic pain. 

VA treatment records of May 2001 note diagnoses of PTSD and depression. In June 2001 he was noted to have a diagnosis of alcohol dependence. 

A June 2001 letter from the Veteran's private physician, Dr. H, states that the Veteran has been his patient since August 2000 and that the Veteran has been diagnosed with depressive disorder NOS and alcohol dependence. 

October 2001 VA treatment records show that the Veteran reported a history of PTSD.

A July 2003 VA treatment note shows a history of PTSD. A VA psychosocial evaluation in October 2003 notes a diagnosis of alcohol dependence and rule out alcohol induced mood disorder versus depression NOS. 

VA treatment records of April 2004 show a diagnosis of mood disorder due to alcohol dependence. In July 2006, he was noted to have a depressive mood. Records dated later that same month show diagnoses of alcohol dependence and depression NOS; that mental health evaluation indicates that his finances were a significant stressor and that his chronic back pain affected his moods.

In a January 2007 VA Form 21-0781 Statement in Support of Claim for Service Connection for PTSD, the Veteran noted three stressors: a speech by his General in Korea where he stated that all soldiers should take care of themselves or otherwise they would not return to the states alive; stress caused when they were told to be ready to go to Cuba; and the cease fire of the Cold War. 

A January 2007 VA treatment record lists the Veteran's diagnoses as depressive disorder, alcohol dependence, and nicotine dependence.

At the video conference hearing of March 2010, the Veteran testified that he had not been diagnosed with PTSD but that he had been told by physicians that he had a problem with trauma and depression. 

The Veteran was afforded a VA examination in July 2010. At the time, the Veteran denied any symptoms and any current treatment for a mental disorder. He denied any alcohol use. The VA examiner noted that the Veteran was convicted of abuse 12 years earlier. Physical examination showed he was appropriately dressed, psychomotor activity and speech were unremarkable, and he was cooperative. He denied any combat experience. He denied any suicide attempts or violence. Mental status evaluation indicated that thought process and content was unremarkable. There was no evidence of inappropriate behavior, ritualistic or obsessive behavior, panic attacks, homicidal thoughts or suicidal thoughts. Impulse control was poor. The diagnoses was alcohol dependence. The examiner opined that after a careful review of the claim file, VA mental health records an current clinical interview of the Veteran, the Veteran failed to meet the DSM-IV diagnostic criteria for PTSD. According to the VA examiner, the only psychiatric diagnosis is alcohol dependence. The VA examiner further noted that given the Veteran's long history of alcohol dependence, and reluctance to seek and accept treatment for alcohol dependence, his reported PTSD-like symptoms may be related to psychosocial difficulties resulting from excessive alcohol use. Finally, the VA examiner stated that, at the present time, there were no psychiatric conditions related to his active duty military career. 

At the more recent, December 2014 hearing, the Veteran's representative acknowledged that there was no PTSD diagnosis, but suggested that was because the Veteran declined to seek treatment for his psychiatric symptoms. Nonetheless, the Veteran testified that he had a mental health disorder due to his service in Korea.

In response to the Veteran's statements, the RO obtained his service personnel records. Additionally, the RO attempted to confirm the Veteran's alleged stressor events. The RO appropriately requested additional information, including names of individuals involved, if any, and the approximate dates and locations of the reported service events. 

Nonetheless, the Veteran did not respond to the RO's request such that the RO could search the United States Army and Joint Services Record Research Center (JSRRC) in an effort to provide verification of the alleged stressor events. In November 2007, a formal finding of a lack of information required to corroborate stressors was made; the RO found that the events described by the Veteran were insufficient to send to JSRRC and the National Archives and Records Administration (NARA). The Veteran's stressors were deemed to be too vague or otherwise incapable of being verified. See Wood v. Derwinski, 1 Vet. App. 190, 193 (1991) ("The duty to assist is not always a one-way street. If a veteran wants help, he cannot passively wait for it in those circumstances where he may or should have information that is essential in obtaining the putative evidence"). 

The Board finds that, in this Veteran's case, the claimed in-service stressful events have not been independently verified by credible supporting evidence. See Madden v. Gober, 125 F.3d 1477, 1481 (1997) (in evaluating the evidence and rendering a decision on the merits, the Board is required to assess the credibility and probative value of proffered evidence in the context of the record as a whole).

As noted above, entitlement to service connection for PTSD requires medical evidence diagnosing the condition in accordance with 38 C.F.R. § 4.125(a), a confirmed stressor event, and medical evidence linking the stressor event to the Veteran's PTSD. Here, there is no diagnosis of PTSD. With regard to the recent amendment codified at 38 C.F.R. § 3.304(f)(3), the fact remains that he does not have a diagnosis of PTSD. 

The Board recognizes that there are several VA outpatient treatment records noting PTSD. However, none of those records establish a basis for the conclusion that was reached; the diagnosis was reported by the Veteran and the notations lack any details, including the symptoms and stressors to support a diagnosis. Thus, the probative value of his general lay assertions is outweighed by the weight of the evidence that reflects that the Veteran's does not meet the diagnostic criteria for PTSD. The July 2010 VA examiner specifically found that the Veteran's symptoms do not meet the DSM-IV criteria for PTSD. The VA examiner further provided an explanation for the PTSD-like symptoms reported by the Veteran as being a consequence of his alcohol dependence, which had been ongoing for many years. The VA examiner's July 2010 opinion is entitled to substantial probative weight, in light of the absence of such a substantiated diagnosis anywhere in the Veteran's mental health treatment records; the VA examiner's reasoned conclusions are consistent with the actual factual record. The Board finds the opinion of the July 2010 examiner to be reliable and adequate. It was provided after a review of the claim file with related medical treatment records, an examination of the Veteran, accurate findings and a rationale for the opinion; there is no credible evidence of PTSD. As the preponderance of the evidence establishes that the Veteran does not have PTSD, he has not established the current disability element of the claim for entitlement to service connection for this disability. 

To the extent that the Veteran was diagnosed with depression, there is no evidence of psychiatric disability in service or for many years thereafter, and the Veteran did not assert that his psychiatric symptomatology was related to his service until 2000, after he filed his initial claim for service connection. See Pond v. West, 12 Vet. App. 341 (1999) (although Board must take into consideration the veteran's statements, it may consider whether self-interest may be a factor in making such statements). Likewise, there is no evidence that the Veteran's psychiatric disorder, however diagnosed, is related to his service. Indeed, his depression and mood disorder have been related to his alcohol dependence as well as his unemployment. The Board reiterates that the separation examination was normal and he has did not report any pertinent symptomatology until 2000. The Board also observes that neither the Veteran's treating providers nor the VA examiners found a relationship between the Veteran's depressed mood and his service; to the contrary, his depressed mood was related to alcohol dependence and financial problems. Moreover, the July 2010 VA examiner, following a thorough review of the Veteran's claims file and a mental status examination, found that there was no evidence of a psychiatric condition related to his military service. See Boyer v. West, 210 F.3d 1351, 1353 (Fed. Cir. 2000) (a Veteran seeking disability benefits must establish the existence of a disability and a connection between such Veteran's service and the disability). 

In rendering a decision on appeal, the Board must analyze the credibility and probative value of the evidence, account for the evidence which it finds to be persuasive or unpersuasive, and provide the reasons for its rejection of any material evidence favorable to the claimant. See Gabrielson v. Brown, 7 Vet. App. 36, 39-40 (1994). 

To the extent that there are lay opinions, including those of the Veteran, linking the Veteran's acquired psychiatric disorder, including PTSD, to an in-service event, the Board finds that the probative value of the general lay assertions are outweighed by the clinical evidence of record, which is entitled to greater probative weight. The Veteran is competent to testify as to his symptoms and observations. See Kahana v. Shinseki, 24 Vet. App. 428, 433 (2011) (noting impropriety of the Board categorically discounting lay testimony and requiring the Board to determine, on a case by case basis, whether a veteran's particular disability is the type of disability for which lay evidence is competent); see also Jandreau v. Nicholson, 492 F.3d 1372, 1377 (Fed. Cir. 2007); ("sometimes the layperson will be competent to identify the condition where the condition is simple, for example a broken leg, and sometimes not, for example, a form of cancer"). However, the Board has weighed the Veteran's statements and finds his statements made in connection with his claim for VA compensation benefits to be of minimal probative worth. The Veteran's general lay assertions are outweighed by the specific and reasoned conclusion of the July 2010 VA examiner and other physicians who have found the Veteran does not have a psychiatric disorder related to service. See Nieves-Rodriguez, 22 Vet. App. at 304 (most of the probative value of a medical opinion comes from its reasoning; threshold considerations include the qualifications of the person opining). In sum, there is no reliable evidence linking the Veteran's acquired psychiatric disorder, including depression and PTSD, to service. 

Finally, the Board acknowledges the diagnoses of alcohol dependence and mood disorder associated with alcohol dependence. In that regard, the Board notes that the law provides that no compensation shall be paid if a disability is the result of a Veteran's own willful misconduct, the abuse of alcohol or drugs. See 38 U.S.C.A. §§ 105, 1110 (West 2014); 38 C.F.R. §§ 3.1(n), 3.301 (2014); see also VAOPGPREC 2-97 (January 16, 1997). The law also precludes compensation for primary alcohol abuse disabilities, and secondary disabilities that result from primary alcohol abuse. Allen v. Principi, 237 F.3d 1368 (Fed. Cir. 2001). Thus, in order for service connection to be granted for alcohol dependence, it must be established as secondary to, or a component of, a service-connected disability. However, here there is no dispute as to the essential facts and alcohol dependence has not been related to a service-connected disability, and a direct service connection theory of entitlement is legally precluded. Moreover, as the diagnosed mood disorder has been associated to the alcohol dependence, service connection is not warranted for the same. 

For the foregoing reasons, the preponderance of the evidence is against the claim of entitlement to service connection for an acquired psychiatric disorder, to include PTSD, and the benefit-of-the-doubt doctrine is not for application.


ORDER

Service connection for an acquired psychiatric disorder, to include PTSD, is denied.



____________________________________________
H. N. SCHWARTZ
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs